# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DMITRY PRONIN          \*
    (aka Leyleen Lilith Aquino)
                                                \*

        Plaintiff,
                                                \*

    v.
                                                \*     Civil No. DLB-22-1864

LAURA ARMSTEAD, *et al.*
                                                \*

        Defendants.
                                                \*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

Defendants, Warden Laura Armstead, Acting Warden Orlando Johnson, Lt. Sheryl Goldman, Lt. Kameron Washington, Correctional Officer Dewayne Spencer, and Correctional Officer Olagoke Dada, (collectively, the "Defendants"),[1] by and through their attorneys, Anthony G. Brown, Attorney General of Maryland, and Merrilyn E. Ratliff, Assistant Attorney General, pursuant to Fed. R. Civ. P. 8(b) and (c), submit this Answer to the First Amended Complaint, ECF No. 48 ("Complaint") filed by Plaintiff, Dmitry Pronin a.k.a. Leyleen Lilith Aquino ("Pronin"[2] or "Plaintiff"), and state:

---

[1] The remaining defendant, the Estate of Benjamin Bradley, is the estate of nurse practitioner Bradley, who was an employee of DPSCS' medical subcontractor and not a State employee. Neither Mr. Bradley nor his estate are represented by undersigned counsel.

[2] Plaintiff self-identifies as "transgender female" ECF No. 1, page 3, but signs all pleadings as Dmitry Pronin.

1.      In response to the allegation in Paragraph 1 that "Plaintiff is a transgender female," Defendants admit that Plaintiff self-identifies as a transgender female and certain medical records indicate Plaintiff has been diagnosed with gender identity disorder. Defendants admit that Plaintiff has been incarcerated in Maryland Department of Public Safety and Correctional Services ("DPSCS") facilities and that she was incarcerated in the Patuxent Institution ("Patuxent") on December 13, 2021. Defendants admit that DPSCS and its employees are responsible for the safety and security of the incarcerated individuals in DPSCS custody. The remainder of the allegations of Paragraph1 are denied.

2.      Defendants admit the existence of the Prison Rape Elimination Act ("PREA") and admit that Plaintiff received medical attention and care in response to her claims related to December 13, 2021. The remainder of the allegations in Paragraph 2 are denied.

3.      Defendants admit the allegation in Paragraph 3 that Plaintiff was housed in the L-1 unit of Patuxent on December 13, 2021, and that the L-1 unit houses male incarcerated individuals. The remainder of the allegations in Paragraph 3 are denied.

4.      Defendants deny the allegations in Paragraph 4, except to the extent that Paragraph 4 alleges that Plaintiff received medical treatment for any complaints, this allegation is admitted.

5.      Defendants deny the allegations in Paragraph 5, except that the last sentence of Paragraph 5 contains conclusions of law to which no response is required. To the extent a response is required, denied.

6.      The allegations in paragraph 6 are admitted.

7. The allegations in Paragraph 7 are admitted.

8. The allegations in Paragraph 8 are admitted.

9. The allegations in Paragraph 9 are admitted.

10. The last sentence of Paragraph 10 contains conclusions of law to which no response is required. To the extent a response is required, denied. Defendants admit the remainder of allegations in Paragraph 10, except that Defendants deny any inference that Defendants were liable for Plaintiff's alleged injuries and specifically deny any negligent or constitutionally infringing acts or omissions.

11. The last sentence of Paragraph 11 contains conclusions of law to which no response is required. To the extent a response is required, denied. Defendants admit the remainder of allegations in Paragraph 11, except that Defendants deny any inference that Defendants were liable for Plaintiff's alleged injuries and specifically deny any negligent or constitutionally infringing acts or omissions.

12. The last sentence of Paragraph 12 contains conclusions of law to which no response is required. To the extent a response is required, denied. Defendants admit the remainder of allegations in Paragraph 12, except that Defendants deny any inference that Defendants were liable for Plaintiff's alleged injuries and specifically deny any negligent or constitutionally infringing acts or omissions.

13. The last sentence of Paragraph 13 contains conclusions of law to which no response is required. To the extent a response is required, denied. Defendants admit the remainder of allegations in Paragraph 13, except that Defendants deny any inference that

Defendants were liable for Plaintiff's alleged injuries and specifically deny any negligent or constitutionally infringing acts or omissions.

14. The last sentence of Paragraph 14 contains conclusions of law to which no response is required. To the extent a response is required, denied. Defendants admit the remainder of allegations in Paragraph 14, except that Defendants deny any inference that Defendants were liable for Plaintiff's alleged injuries and specifically deny any negligent or constitutionally infringing acts or omissions.

15. The last sentence of Paragraph 15 contains conclusions of law to which no response is required. To the extent a response is required, denied. Defendants admit the remainder of allegations in Paragraph 15, except that Defendants deny any inference that Defendants were liable for Plaintiff's alleged injuries and specifically deny any negligent or constitutionally infringing acts or omissions.

16. The last sentence of Paragraph 16 contains conclusions of law to which no response is required. To the extent a response is required, denied. Defendants admit that Defendant Benjamin Bradley was employed by the medical contractor and was not a State employee. After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16, and as such they are denied.

17. Defendants admit the allegations in Paragraph 17 that Plaintiff self-identifies and presents as a transgender female and certain medical records indicate Plaintiff has been diagnosed with gender identity disorder. Defendants admit that Plaintiff has been housed

in male correctional institutions of DPSCS. The remainder of the allegations in Paragraph 17 are denied.

18. The allegations in paragraph 18 are admitted.

19. The allegations in Paragraph 19 that Warden Armstead was aware that Plaintiff identifies as a transgender woman and that Plaintiff was housed in a male unit at Patuxent are admitted. The remainder of the allegations in Paragraph 19 are denied.

20. The allegations in Paragraph 20 are denied.

21. The allegations in Paragraph 21 that Plaintiff was housed in the L-1 unit of Patuxent, that the L-1 Unit houses male incarcerated individuals, and that incarcerated individuals on L-1 are given a tear-resistant blanket and smock are admitted. After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiff continues to have a significant scar on her arm" and to the extent a response is required, that allegation is denied. The remainder of the allegations in Paragraph 21 are denied.

22. The allegations in Paragraph 22 that L-1 contains twenty single occupancy cells and two additional cells used for other purposes, surrounded by two parallel hallways, with a shower area at the end of the hall is admitted. The remainder of the allegations in Paragraph 22 are denied.

23. After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and as such they are denied.

24. The allegations in Paragraph 24 are admitted.

25. After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 25 that "Plaintiff, as a transgender woman felt deeply uncomfortable being monitored by male correctional officers," and to the extent a response is required, denied. Defendants admit that Plaintiff filed ARPs and that ARPs may be dismissed for procedural reasons. Defendants admit the allegations in the first three sentences of Paragraph 25 concerning Patuxent's shower protocols. Defendants deny the remainder of the allegations in Paragraph 25.

26. Defendants admit that on December 13, 2021, around 9 a.m., Defendant Spencer escorted Plaintiff in a suicide smock to the shower area pursuant to Patuxent showering protocols. The remainder of the allegations in Paragraph 26 are denied.

27. The allegations in Paragraph 27 are admitted.

28. The allegations in Paragraph 28 are denied.

29. The allegations in Paragraph 29 are denied.

30. The allegations in Paragraph 30 that Patuxent policy require that DPSCS staff accept and document verbal reports of sexual assault made by incarcerated individuals are admitted. The allegations that DPSCS and medical staff performed regular rounds through L-1 are admitted. The remainder of the allegation in Paragraph 30 are denied.

31. After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31. To the extent a response is required, those allegations are denied.

32. After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32. To the extent a response is required, those allegations are denied.

33. The allegations in Paragraph 33 that on December 15, 2021, Plaintiff complained that she had been raped while staff made rounds and that Dr. Carl Sicard immediately reported Plaintiff's complaint of sexual assault to the PREA office of Patuxent is admitted. After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 32. To the extent a response is required, those allegations are denied.

34. The allegations that Plaintiff filled out a PREA Complaint on December 15, 2021, is admitted. The remainder of the allegation in paragraph 34 are denied.

35. The allegations in Paragraph 35 are admitted.

36. The allegations in Paragraph 36 that two Intelligence and Investigative Division investigators questioned Plaintiff while she was at Mercy Hospital are admitted.

37. The allegation that after her evaluation at Mercy, Plaintiff was transferred to Jessup Correctional Institution ("JCI") are admitted. The remainder of the allegations in paragraph 37 are denied.

38. The allegations in Paragraph 38 that Plaintiff transferred back to Patuxent on the L-1 Unit on or around December 22, 2021, and transferred out of Patuxent on January 21, 2022, are admitted. To the extent that the allegation in Paragraph 38 that "at least one correctional officer began to watch her as she showered" states that two officers escort an incarcerated individual to the shower and the incarcerated individual is monitored for

safety and security during the shower, that allegation is admitted. The remainder of the allegations in Paragraph 38 are denied.

39. The allegations in Paragraph 39 are admitted.

40. The allegations in Paragraph 40 are denied.

41. Defendants admit the allegations in Paragraph 41 to the extent that Defendants knew that transgendered inmates such as Plaintiff may have a heightened safety risk, except that Defendants deny any inference that Defendants were liable for Plaintiff's alleged injuries and specifically deny any negligent or constitutionally infringing acts or omissions.

42. Defendants admit the allegation that Plaintiff was housed in a male unit at Patuxent. The remainder of the allegation in Paragraph 43 are denied.

43. Defendants admit that PREA was enacted by Congress in 2003. The remainder of Paragraph 44 contains conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

44. The allegations in Paragraph 42 are admitted, except that Defendants deny any inference that Defendants were liable for Plaintiff's alleged injuries and specifically deny any negligent or constitutionally infringing acts or omissions.

45. The allegation in paragraph 45 that the PREA Commission was established after the passing of PREA and that the Commission issued a report in 2009 that contains the language quoted in Paragraph 45 is admitted. The allegation that Defendants are aware of PREA standards is admitted. Defendants admit the allegations in Paragraph 45 to the extent that Defendants knew that transgendered inmates such as Plaintiff may have a

heightened safety risk, except that Defendants deny any inference that Defendants were liable for Plaintiff's alleged injuries and specifically deny any negligent or constitutionally infringing acts or omissions. The remainder of the allegations in Paragraph 45 are denied.

46. The allegation in Paragraph 46 that Defendants Armstead and Johnson were responsible for supervising the care custody and control of all incarcerated individuals at Patuxent on December 13, 2021, is admitted. The allegations in Paragraph 41 are admitted to the extent that Defendants knew that transgendered inmates such as Plaintiff may have a heightened safety risk, except that Defendants deny any inference that Defendants were liable for Plaintiff's alleged injuries and specifically deny any negligent or constitutionally infringing acts or omissions. The remainder of the allegations in Paragraph 46 are denied.

47. The allegations in Paragraph 47 are denied.

48. The allegations of Paragraph 48 are denied.

49. In response to the allegations in Paragraph 49, Defendants incorporate by reference all other paragraphs of this Answer as if fully alleged herein, and deny any inference that Defendants were liable for Plaintiff's alleged injuries and specifically deny any negligent or constitutionally infringing acts or omissions.

50. The allegations in Paragraph 50 are denied, except to the extent this paragraph sets forth conclusions of law, to which no response is required.

51. The allegations in Paragraph 50 are denied.

52. The allegations in Paragraph 50 are denied.

53. The allegations in Paragraph 53 are denied, except to the extent this paragraph sets forth conclusions of law, to which no response is required.

54. In response to the allegations in Paragraph 54, Defendants incorporate by reference all other paragraphs of this Answer as if fully alleged herein, and deny any inference that Defendants were liable for Plaintiff's alleged injuries and specifically deny any negligent or constitutionally infringing acts or omissions.

55. The allegations in Paragraph 55 are admitted to the extent that correctional officials have a duty to protect incarcerated individuals from known dangers of violence and/or sexual violence, except that Defendants deny any inference that Defendants were liable for Plaintiff's alleged injuries and specifically deny any negligent or constitutionally infringing acts or omissions. The remainder of the allegations in Paragraph 55 are denied.

56. The allegations in Paragraph 56 are admitted to the extent that transgendered incarcerated individuals may be especially vulnerable to sexual violence. The remainder of the allegations in Paragraph 56 are denied, and Defendants deny any inference that Defendants were liable for Plaintiff's alleged injuries and specifically deny any negligent or constitutionally infringing acts or omissions.

57. The allegations in Paragraph 57 are admitted.

58. The allegations in Paragraph 58 are denied.

59. The allegations in Paragraph 59 are denied.

60. The allegations in Paragraph 60 are denied.

61. The allegations in Paragraph 61 are denied, except to the extent this paragraph sets forth conclusions of law, to which no response is required.

62. In response to the allegations in Paragraph 62, Defendants incorporate by reference all other paragraphs of this Answer as if fully alleged herein, and deny any

inference that Defendants were liable for Plaintiff's alleged injuries and specifically deny any negligent or constitutionally infringing acts or omissions.

63. The allegations in Paragraph 63 are admitted.

64. The allegations in Paragraph 64 are admitted, except that Defendants deny any inference that Defendants were liable for Plaintiff's alleged injuries and specifically deny any negligent or constitutionally infringing acts or omissions.

65. The allegations in Paragraph 65 are denied.

66. The allegations in Paragraph 66 are denied, except to the extent this paragraph sets forth conclusions of law, to which no response is required.

67. The allegations in Paragraph 67 are denied, except to the extent this paragraph sets forth conclusions of law, to which no response is required.

68. In response to the allegations in Paragraph 68, Defendants incorporate by reference all other paragraphs of this Answer as if fully alleged herein, and deny any inference that Defendants were liable for Plaintiff's alleged injuries and specifically deny any negligent or constitutionally infringing acts or omissions.

69. The allegations in Paragraph 69 are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny any inference that Defendants were liable for Plaintiff's alleged injuries and specifically deny any negligent or constitutionally infringing acts or omissions.

70. The allegations in Paragraph 70 are denied.

71. The allegations in Paragraph 71 are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny any inference that

Defendants were liable for Plaintiff's alleged injuries and specifically deny any negligent or constitutionally infringing acts or omissions.

72. The allegations in Paragraph 72 are denied.

73. The allegations in Paragraph 73 are denied, except to the extent this paragraph sets forth conclusions of law, to which no response is required.

74. In response to the allegations in Paragraph 74, Defendants incorporate by reference all other paragraphs of this Answer as if fully alleged herein, and deny any inference that Defendants were liable for Plaintiff's alleged injuries and specifically deny any negligent or constitutionally infringing acts or omissions.

75. The allegations in Paragraph 75 are denied.

76. The allegations in Paragraph 76 are denied.

77. The allegations in Paragraph 77 are denied, except to the extent this paragraph sets forth conclusions of law, to which no response is required.

78. In response to the allegations in Paragraph 78, Defendants incorporate by reference all other paragraphs of this Answer as if fully alleged herein, and deny any inference that Defendants were liable for Plaintiff's alleged injuries and specifically deny any negligent or constitutionally infringing acts or omissions.

79. The allegations in Paragraph 79 are denied.

80. The allegations in Paragraph 80 are denied.

81. The allegations in Paragraph 81 are denied, except to the extent this paragraph sets forth conclusions of law, to which no response is required.

82. The allegations in Paragraph 82 are denied.

83. The allegations in Paragraph 83 are denied, except to the extent this paragraph sets forth conclusions of law, to which no response is required.

84. The allegations in Paragraph 84 are denied, except to the extent this paragraph sets forth conclusions of law, to which no response is required.

Defendants respectfully request that the Court deny the Plaintiffs' requests for relief set forth at p. 16, sections (A) – (E) of the Complaint.

## AFFIRMATIVE DEFENSES

1. All counts in the Complaint fail to state a claim upon which relief may be granted.

2. Plaintiff's claims against Defendants are barred by statutory immunity as provided in State Government Article § 12-105 and Courts & Judicial Proceedings Article § 5-522(b) and by common law public official immunity.

3. Defendants are entitled to qualified immunity because their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

– and –

 /s/ Merrilyn E. Ratliff
MERRILYN E. RATLIFF
Assistant Attorney General
Fed. Bar No. 30034
Department of Public Safety
and Correctional Services

6776 Reisterstown Road, Suite 313
Reisterstown, MD 21215
Telephone: 410-585-3947
Fax: 410-484-5939
merrilyn.ratliff@maryland.gov

*Attorneys for State Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2023, the foregoing Answer to Complaint was served electronically on all counsel of record.

   /s/ Merrilyn E. Ratliff
MERRILYN E. RATLIFF